UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Zachary Scher | : |
|     Plaintiff, | : |
| v. | : |
| Michael J. Sherman, | : |
|     and | : |
| Chelsea Denae Gilbert aka Chelsea Denae Gainey, | : |
|     and | : |
| Christopher Ray, | : |
|     and | : |
| John Anthony Benemerito, aka John Anthony, | : |
|     and | : |
| Carly Souther, | : |
|     and | : |
| Andrea Marie Holzer, | : |
|     and | : |
| Ben Lambert aka John Benjamin Lambert, | : |
|     and | : |
| David Gould, | : |
|     and | : |
| John McCarthy, | : |
|     and | : |
| Adam Green, | : |
| individually and trading as Dash & Associates aka The Office of Dash and Associates Litigation Department aka LetterDash, Inc., | : CASE NO. |
|     Defendants. | : |

COMPLAINT

(Unlawful Debt Collection Practices)

Zachary Scher ("plaintiff"), by and through his counsel, Robert M. Morris, Esq., of Morris & Adelman, P.C., alleges as follows:

1. Plaintiff's complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

2. This court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), which states that FDCPA actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction in all civil cases arising under the laws of the United States.

3. Defendants conducted business in the State of New Jersey, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

5. Plaintiff is Zachary Scher, a natural person, who resides in Somerset County, New Jersey, at 530 Glen Ridge Drive South, Bridgewater, NJ 08807.

6. Defendant Michael J. Sherman ("Sherman"), an individual, resides in Nassau County, New York, at 2480 Lawn Drive, East Meadow, NY, 11554.

7. Defendant Chelsea Denae Gilbert aka Chelsea Denae Gainey ("Gilbert"), resides in Nassau County, New York, at 2480 Lawn Drive, East Meadow, NY, 11554.

8. Defendant Christopher Ray, Esq. ("Ray"), an individual, resides in Hillsborough County, New Hampshire, at 33 Spit Brook Road, Apt. 4, Nashua, NH 03060-5644.

9. Defendant John Anthony Benemerito, aka John Anthony, ("Benemerito"), resides in New York County, New York, at 37 Wall Street, Apt. 14K, New York, NY, 10005-2021.

10. Defendant Carly Souther ("Souther"), an individual, resides in Leon County, Florida, at 308 Vantage Point Lane, Apt. 41, Tallahassee, FL 32301-0412.

11. Defendant Andrea Marie Holzer ("Holzer"), an individual, resides in Westmoreland County, Pennsylvania, at 211 Ali Drive, Pleasant Unity, PA 15676-1011.

12. Defendant John Benjamin Lambert aka Ben Lambert ("Lambert"), an individual, resides in Tulsa County, Oklahoma, 1406 Elm Street, Owasso, OK 74055-4926.

13. Plaintiff has been unable to identify or locate defendants David Gould, Esq. ("Gould"), John McCarthy, Esq. ("McCarthy"), or Adam Green ("Green").

14. Defendants Sherman, Gilbert, Ray, Benemerito, Souther, Holzer, Lambert, Gould, McCarthy, and Green are doing business as Dash & Associates aka The Office of Dash and Associates Litigation Department, aka LetterDash, Inc., an unincorporated association ("Dash") (collectively, "defendants"), whose offices are located in Nassau County, New York, at 2480 Lawn Drive, East Meadow, NY, 11554.

15. Plaintiff is a consumer within the meaning of 15 U.S.C. § 1692a(3).

16. Defendants are debt collectors within the meaning of 15 U.S.C. § 1692a(6).

17. On or about February 7, 2019, defendants sent by certified mail, return receipt requested, a demand letter (the "Demand Letter") to plaintiff. A true and correct copy of the

Demand Letter is attached hereto as Exhibit "A" and incorporated by reference. The attachments to the Demand Letter have been omitted.

18. The Demand Letter is a communication within the meaning of 15 U.S.C. § 1692a(2).

19. In the Demand Letter, the defendants are attempting to collect a debt within the meaning of 15 U.S.C. § 1692a(6).

20. Plaintiff received the Demand Letter.

21. The Demand Letter was the initial and only communication defendants had with plaintiff.

22. With the exception of Lambert and Benemerito, Defendants are not licensed to practice law in the State of New York.

23. With the exception of Benemerito, defendants are not licensed to practice law in the State of New Jersey where Dash sent the letter.

24. The Demand Letter is on Dash letterhead.

25. Dash is not a law firm.

26. To the least sophisticated consumer, Dash appears to be a law firm.

27. The Demand Letter identifies Christopher Ray, Esq., as its author, together with an email address, christopher.ray@dashandassociates.co, and telephone number, 877-759-4451 ext. 1003.

28. The Demand Letter incorporates by reference a website for Dash whose URL is www.dashandassociates.co ("the "Website").

29. On February 11, 2019, the Website falsely identified the Website owner as "Dash And Associates, Inc."

30. On February 11, 2019, the Website advertised that it provides "Legal support that partners with top legal experts, letter drafters, negotiators and litigators," and "Dash and Associates is an aggressive litigation assistance and litigation prevention firm that partners with top legal experts, letter drafters, negotiators and litigators."

31. On February 11, 2019, the Website contained a "Founders/Attorney Bios" page that featured eight photographs with names and descriptions underneath, to wit:

>Christopher Ray, Esq., Of Counsel, Lead;
>David Gould, Esq., Of Counsel, Lead;
>John Anthony, Esq., Of Counsel, Lead;
>Ben Lambert, Esq., Of Counsel, Lead;
>John McCarthy, Esq., Of Counsel, Drafting & Analysis;
>Carly Souther, Esq., Of Counsel, Drafting & Analysis;
>Andrea Holzer, Esq., Drafting & Analysis;
>Chelsea Gilbert, Administration & Settlements, Lead.

32. Plaintiff is informed and believes and thereon alleges that Sherman and Gilbert drafted the Demand Letter.

33. Plaintiff is informed and believes and thereon alleges that defendants falsely attributed authorship of the Demand Letter to Ray.

34. Plaintiff is informed and believes and thereon alleges that Ray did not sign the Demand Letter.

35. Defendants are not licensed to operate a collection agency in New Jersey.

36. Defendants did not post a collection agency bond with the New Jersey Department of Revenue prior to sending the Demand Letter.

37. Defendants violated the FDCPA by failing to provide plaintiff with the notices required by 15 U.S.C. § 1692e(11), 1692g(3), g(4), and g(5).

38. Defendants violated the FDCPA by falsely representing or implying that the Demand Letter was from an attorney within the meaning of 15 U.S.C. § 1692e(3).

39. Defendants violated the FDCPA by representing that the nonpayment of the debt will result in the arrest or imprisonment of plaintiff where debt collector does not intend to take such action within the meaning of 15 U.S.C. § 1692e(4).

40. Defendants violated the FDCPA by using false representation or deceptive means to collect or attempt to collect the debt within the meaning of 15 U.S.C. § 1692e(10).

41. Defendants violated the FDCPA by using a business name other than the true name of the debt collector's business within the meaning of 15 U.S.C. § 1692e(14).

42. Defendants violated the FDCPA by falsely representing the amount of the debt meaning of 15 U.S.C. § 1692e(2)(A).

43. Defendants' FDCPA violations were willful, wonton, and reckless, and were intended to, and had the effect of, coercing plaintiff to pay the alleged debt.

44. Plaintiff has been damaged by defendants' FDCPA violations.

45. Plaintiff has suffered emotional distress as a result of defendant's violations.

WHEREFORE, plaintiff prays for judgment against defendants as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorney's fees, witness fees, court

costs, and other litigation costs incurred by plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    d.   Any other and further relief this Court may deem just and proper.

## COUNT II
## (Fraud)

    46. Plaintiff incorporates by reference the allegations of paragraphs 1 through 45, above.

    47. The Demand Letter is replete with material misrepresentations of fact.

    48. The Demand Letter falsely appears to have been sent by a law firm.

    49. The Demand Letter falsely appears to have been drafted and signed by a lawyer.

    50. The Demand Letter falsely identifies John Anthony Benemerito as John Anthony in violation of NJ Rule of Professional Conduct 7.5(e).

    51. Defendants falsely demanded an amount in excess of the alleged debt.

52. Defendants specifically intended the false information contained in the Demand Letter to coerce plaintiff into paying the alleged debt.

53. At all times, defendants knew these elements of the Demand Letter were false.

54. Plaintiff reasonably relied on the defendants' false misrepresentations and paid the alleged debt.

55. Plaintiff has been damaged by the fraud in the amount of $7,425.00.

56. Plaintiff has suffered emotional distress as a result of the defendants' fraud.

57. The defendants' conduct was willful, wonton, reckless, oppressive, and egregious.

58. Plaintiff is entitled to an award of punitive damages.

WHEREFORE, plaintiff demands judgment for compensatory damages amount of $7,425.00, plus punitive damages in the amount of five times the compensatory damages or such other amount as the court may set, and costs.

## COUNT III

(Negligence)

59. Plaintiff incorporates by reference paragraphs 1 through 58, above.

60. Defendants owed a duty of care to plaintiff to prevent the members of Dash from engaging in the unauthorized practice of law in State of New Jersey.

61. Defendants owed a duty of care to plaintiff to prevent the members of Dash from sending a letter falsely implying that it had been sent by a law firm.

62. Defendants owed a duty of care to plaintiff to prevent the members of Dash from sending a letter falsely stating that it had been drafted by Christopher Ray, Esq.

63. Defendants owed a duty of care to plaintiff to prevent the members of Dash from sending a letter falsely implying that Christopher Ray, Esq., is licensed to practice law in the State of New Jersey.

64. Defendants owed a duty of care to plaintiff to prevent the members of Dash from sending a letter falsely identifying John Anthony Benemerito as John Anthony, Esq.

65. Defendants owed a duty of care to plaintiff to prevent the members of Dash from falsely stating or implying that they intended to seek criminal prosecution of plaintiff.

66. Defendants breached their duty of care by sending the Demand Letter to plaintiff.

67. Defendants breached their duty of care by allowing the members of Dash to send the Demand Letter to plaintiff.

68. Defendants' acts or omissions proximately caused injury to plaintiff.

69. Plaintiff has been damaged by defendants' negligence in an amount in excess of $75,000.00.

70. Defendants' actions were willful, wanton, and reckless, entitling plaintiff to an award of punitive damages.

WHEREFORE, plaintiff demands judgment against defendants in an amount in excess of $75,000.00.

MORRIS & ADELMAN, P.C.

s/ Robert M. Morris
ROBERT M. MORRIS, ESQ.
Attorney ID No. 009461993
201 N. Presidential Blvd. S/100
P.O. Box 2235
Bala Cynwyd, PA 19004
215-568-5621 or 800-745-8058
rmmorris@morrisadelman.com