**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

ZACHARY SCHER,

    Plaintiff,

v.

MICHAEL J. SHERMAN, *et al.*,

    Defendants.

Civil Action No. 19-16077 (MAS) (ZNQ)

**MEMORANDUM ORDER**

**SHIPP, District Judge**

This matter comes before the Court upon Defendants Michael J. Sherman ("Sherman") and Chelsea Denae Gilbert a/k/a Chelsea Denae Gainey's ("Gilbert") (collectively, the "Moving Defendants") Motions to Dismiss the Complaint of Plaintiff Zachary Scher ("Plaintiff"). (ECF Nos. 6, 7.)[1] Plaintiff opposed the Motions (ECF Nos. 8, 9), and Moving Defendants replied (ECF Nos. 12, 13). Plaintiff, without leave of the Court, filed sur-replies (ECF Nos. 14, 15), and Moving Defendants responded (ECF Nos. 18, 19).[2] On September 4, 2019, Moving Defendants filed

---

[1] Moving Defendants do not specify which of the Federal Rules of Civil Procedure govern their Motions to Dismiss. Plaintiff "assumes that the motion[s] [are] demur[rers] under" Federal Rule of Civil Procedure 12(b)(6). (*See, e.g.*, Pl.'s Sherman Opp'n Br. 2, ECF No. 8-2.) Because Defendants seek, *inter alia*, dismissal of the Complaint in its entirety and because they advance arguments attacking the sufficiency of Plaintiff's allegations, the Court construes their Motions to Dismiss as filed pursuant to Rule 12(b)(6). *See generally* Fed. R. Civ. P. 7; Fed. R. Civ. P. 12.

[2] Local Civil Rule 7.1(d)(6) states, in relevant part, "[n]o sur-replies are permitted without permission of the Judge or Magistrate Judge to whom the case is assigned." Here, because Plaintiff did not seek leave, the sur-replies were not considered by the Court. Moving Defendants' responses to Plaintiff's sur-replies were similarly not considered.

Amended Responses to Plaintiff's Opposition. (ECF Nos. 16, 17.)[3] Defendants Christopher Ray ("Ray"); Carly Southern; David Gould, Esq.; John McCarthy, Esq.; and Adam Green, individually and t/a Dash & Associates a/k/a The Office of Dash and Associates Litigation Department a/k/a LetterDash, Inc. ("Dash") (collectively, the "Nonmoving Defendants" and with the Moving Defendants, "Defendants"), did not move to dismiss or otherwise respond to the Complaint.[4] The Court has considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth herein, Moving Defendants' Motions to Dismiss are granted.

## I. BACKGROUND

On or about February 7, 2019, Defendants sent a demand letter regarding a dispute over online video game currency (the "Demand Letter") to Plaintiff. (Compl. ¶ 17, ECF No. 1; *see also* Demand Letter, Ex. A to Compl., ECF No. 1-1.) Plaintiff avers that, under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.*, he is a consumer, Defendants are debt collectors, the Demand Letter is a communication, and the Demand Letter represents an attempt by Defendants to collect a debt. (*Id.* ¶¶ 15–16, 18–19.)

---

[3] Moving Defendants' nearly identical Amended Responses included a brief description and a USB thumb drive containing a video file. (*See* ECF Nos. 16, 17.) While a court generally does not consider anything beyond the four corners of the complaint on a motion to dismiss pursuant to Rule 12(b)(6), "a court may consider certain narrowly defined types of material without converting the motion to dismiss [to one for summary judgment pursuant to Rule 56]." *In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999). Specifically, courts may consider any "document integral to or explicitly relied upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Dig. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)). Moving Defendants' video files are beyond the scope of what a Court may consider on a motion to dismiss. The video files, accordingly, were not considered by the Court.

[4] Upon review of the docket, it is unclear to the Court whether any of the Nonmoving Defendants, other than Christopher Ray, were properly served with the Complaint.

2

The Demand Letter was printed on Dash letterhead. (*Id.* ¶ 24.) Plaintiff alleges that, although Dash is not a law firm, "[t]o the least sophisticated consumer, Dash appears to be a law firm." (*Id.* ¶ 25–26.) The Demand Letter also "incorporates by reference" Dash's website ("the Website"). (*Id.* ¶ 28.) Plaintiff avers that, as of February 11, 2019, the Website stated that Dash "is an aggressive litigation assistance and litigation prevention firm that partners with top legal experts, letter drafters, negotiators[,] and litigators." (*Id.* ¶ 30.) The Website's "Founders/Attorney Bios" page featured photographs and the names of many of the Defendants. (*Id.* ¶ 31.) Plaintiff avers that, except for Lambert and Benemerito,[5] "Defendants are not licensed to practice law in the State of New York." (*Id.* ¶ 22.) Plaintiff further contends that "Defendants are not licensed to operate a collection agency in New Jersey" and that they "did not post a collection agency bond" prior to sending the Demand Letter. (*Id.* ¶¶ 35–36.)

"Christopher Ray, Esq." is identified as the author of the Demand Letter. (*Id.* ¶ 27.) Plaintiff avers that the Demand Letter was actually drafted by Sherman and Gilbert who "falsely attributed authorship" to Ray and that Ray did not sign the Demand Letter. (*Id.* ¶¶ 32–34.) The Demand Letter "was the initial and only communication [D]efendants had with [P]laintiff." (*Id.* ¶ 21.) Plaintiff avers he has been "damaged" and "has suffered emotional distress" as a result of Defendants' conduct. (*Id.* ¶¶ 44–45.)

---

[5] Plaintiff voluntarily dismissed without prejudice Benemerito on October 22, 2019 (ECF No. 26), and Lambert on October 29, 2019 (ECF No. 29).

3

On July 30, 2019, Plaintiff filed a Complaint alleging three counts against Defendants: Count One, for violations of the FDCPA[6] (*id.* ¶¶ 1–45); Count Two, for common law fraud (*id.* ¶¶ 46–58); and Count Three, for common law negligence (*id.* ¶¶ 59–70).

## II. **LEGAL STANDARD**

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

District courts undertake a three-part analysis when considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of the plaintiff's well-pleaded factual allegations and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). In doing so, the court is free to ignore legal conclusions or factually unsupported accusations that merely state, "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). "The defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

---

[6] Unlike the headers for Counts Two and Three, a header is not provided to specifically identify where the allegations related to Count One begin. (*See generally* Compl.) The Court, therefore, considers paragraphs one through forty-five of the Complaint as relating to Plaintiff's FDCPA claim.

4

## III. DISCUSSION

### A. Plaintiff Fails to State an FDCPA Claim

To state a claim under the FDCPA, a plaintiff must allege that: "(1) he or she is a 'consumer' who is harmed by violations of the FDCPA; (2) the 'debt' arises out of a transaction entered into primarily for personal, family, or household purposes; (3) the defendant collecting the debt is a 'debt collector'; and (4) the defendant has violated, by act or omission, a provision of the FDCPA." *Ulrich v. Radius Glob. Sols., LLC*, No. 18-15797, 2019 WL 3430472, at *3 (D.N.J. July 30, 2019) (internal citations omitted).

Here, the Court finds Plaintiff failed to adequately plead a violation of the FDCPA. Although Plaintiff avers that he is a consumer, Defendants are debt collectors, the Demand Letter is a communication, and the Demand Letter is an attempt to collect a debt within the meaning of the FDCPA, these are legal conclusions insufficiently supported by the barebones factual allegations in the Complaint, which the Court disregards. Critically, Plaintiff does not clearly state the amount of the alleged debt or even allege facts to support that the obligation is a debt within the meaning of § 1692a(5) of the FDCPA. (*See generally* Compl.) Plaintiff makes passing references to a non-specific debt, but such references are insufficient for the Court to conclude that a debt within the meaning of the FDCPA exists. (*See, e.g., id.* ¶ 51 ("Defendants falsely demanded an amount in excess of the alleged debt.").)

The Demand Letter, which Plaintiff attaches to his Complaint, does not rehabilitate these deficiencies. Although it provides the Court with some context for the allegations of the Complaint, the multiple transactions and monetary amounts referenced in the Demand Letter only serve to further muddy the waters and underscore the inadequacy of Plaintiff's Complaint. Despite drawing all reasonable inferences in favor of Plaintiff, the Court remains unable to determine the

nature and amount of debt Plaintiff allegedly incurred. The Court, accordingly, finds that Plaintiff has made "wholly unsupported and conclusory allegations that require dismissal under Rule 12(b)(6)." *Grant v. JPMorgan Chase Bank*, No. 12-6248, 2013 WL 1558773, at *2 (D.N.J. Apr. 10, 2013). The Court, accordingly, dismisses Plaintiff's FDCPA claim, but will permit Plaintiff an opportunity to file an amended complaint.[7]

### B. The Court Declines to Exercise Supplemental Jurisdiction Over Plaintiff's Fraud and Negligence Claims

Because the Court dismisses Plaintiff's FDCPA claim, the Court declines supplemental jurisdiction over Plaintiff's remaining common-law fraud and negligence claims. *See* 28 U.S.C. § 1367(c)(3) (stating a district court "may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction"); *see also Petrossian v. Cole*, 613 F. App'x 109, 112 (3d Cir. 2015) ("Because the Court dismisse[s] all claims over which it ha[s] original jurisdiction, it ha[s] the authority to decline to exercise supplemental jurisdiction over the remaining state-law claims.").

## IV. ORDER

For the reasons set forth above,

**IT IS** on this 31st day of March 2020, **ORDERED** that:

1. Moving Defendants' Motions to Dismiss (ECF Nos. 6, 7) are **GRANTED**.

2. Plaintiff's Complaint (ECF No. 1) is **DISMISSED** without prejudice.

3. Plaintiff may file an amended complaint by **April 21, 2020**.

---

[7] Because the Court finds Plaintiff has failed to state a claim under the FDCPA, it does not reach the merits of the parties' other arguments.

6

4. If Plaintiff does not file an amended complaint by **April 21, 2020**, Plaintiff's Complaint (ECF No. 1) will be **DISMISSED** with prejudice and the Clerk shall close the case.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**